GILLEY BELL *v.* GULF & CHICAGO RAILROAD COMPANY.

PERSONAL INJURIES.  *Damages.  Evidence.*

> In suits for personal torts, where the facts constituting the injuries are shown, it is unnecessary to offer affirmative evidence of the extent in dollars and cents of the damages suffered by the plaintiff.

FROM the circuit court of Pontotoc county.

HON. E. O. SYKES, Judge.

The appellant, Gilley Bell, was the plaintiff in the court below, and the Gulf & Chicago Railroad Company was defendant there.    The facts are stated in or are clearly inferable from the opinion of the court.

*Blair & Anderson*, for appellant.

For the purposes of this appeal, we have the right to treat as proven everything the testimony tends to prove.    Under this view, we can safely assert as a fact that plaintiff paid her fare and notified the conductor that she desired to leave defendant's cars at Ball's Crossing, and, through his negligence, she was carried beyond that place, to Ellerson's Crossing, and discharged there, and without any fault on her part contributing thereto; and, as the result of such negligence on the part of the defendant company, plaintiff suffered in mind and body and health.    It was not shown, and was not necessary to be

shown, and, in fact, could not be, in the nature of things, how much such suffering and injury cost the plaintiff in dollars and cents. That was a question for the jury. It should have been left to them to say, under the testimony, what sum would be a fair compensation to the plaintiff for the injury she suffered. It was the idea of the court below that plaintiff should have shown the money value of the injury complained of. This seems to us preposterous.

Did the court mean that it devolved on plaintiff to show how much in dollars and cents a rheumatic pain was worth? or the money value, or, it may be more proper to say, money damage of being frightened out of her wits, and distressed in mind, and almost frozen by the intense cold, and having her arm and side pain her from carrying a heavy valise? It seems to us, to ask the question is to answer it. The injury and suffering was all that could be shown, and it was for the jury to say what would be a fair compensation to the plaintiff therefor. It was not for the witnesses to say. They could know no more about it than the jury. Under the view of the court one could not recover for the loss of a limb unless he could show the pecuniary value of the limb. Of course, in suits for personal injuries the loss of time, medical bills, and other pecuniary loss suffered by plaintiff, are elements of damage. But so is the loss of health, sickness, physical suffering, and distress of mind; and when we say they are elements of damage, we are speaking with reference to the case before the court and mean they are elements of actual damage. All the elements of actual damage do not have to concur in order for the plaintiff to be entitled to recover. If any one of them exist alone (except one—distress of mind) plaintiff is entitled to have the jury say by their verdict what is a fair compensation for the injury. Our court has held that one cannot recover for mental anguish alone, unaccompanied by physical injury or malice and oppression. But no court that we know of has ever held that one is not entitled to recover actual damages unless more than one of

the elements of such damages exists in his case. In the case at bar, however, there are the elements of physical injury and suffering accompanied by mental anguish. It is well settled in this state as to what the elements of actual damage are. *Ill. Cent. R. R. Co.* v. *Crudup*, 63 Miss., 302; *Hewlett* v. *George*, 68 Miss., 703.

*J. D. Fontaine* and *J. W. T. Falkner*, for appellee.

There was no error in the action of the court below. The general rule as to the measure of damages in actions *ex contractu* is the actual damages resulting from breach of contract. *Jamison* v. *Moon*, 43 Miss., 598; *V. & M. Ry. Co.* v. *Ragsdale*, 46 Miss., 458. Appellee was not liable for exemplary damages. There was no wilful wrong. On the contrary, it is shown that the conductor was courteous, polite and attentive. In the absence of recklessness, wilfulness and insult, a railway company is not liable for exemplary damages, but only liable for compensatory damages. *Chicago Ry. Co.* v. *Scurr*, 59 Miss., 456; *Railway Co.* v. *Purnell*, 69 Miss., 652. There was no proof of any actual damages. And, not being a case for exemplary damages, the instruction should have been given for appellee, defendant in the court below. In the absence of malice, or insult or wilful wrong, where a passenger train has failed to stop at a flag station, and there is no proof of actual damages, only nominal damages can be recovered from the railroad company. *Railway Co.* v. *Fite*, 67 Miss., 373; *Railway Co.* v. *Gill*, 66 Miss., 39. And where there is no bodily injury, mental suffering, insult, oppression or pecuniary loss shown, damages are only nominal. *Thompson* v. *N. O., J. & G. N. Ry. Co.*, 50 Miss., 315. Neither can there be any recovery for mental suffering alone, where there is no other injury. 5 Am. & Eng. Enc. L., 42, note 2, and authorities there cited. And mental suffering, unconnected with any physical injury, recklessness, wilfulness and insult, is not sufficient to sustain an action for breach of contract. *W. U. T. Co.* v.

*Rogers*, 68 Miss., 748; *Cornell* v. *W. U. T. Co.*, 38 Am. St. R., 575; *Dorrah* v. *I. C. Ry. Co.*, 65 Miss., 14. Nor can there be any recovery for loss of time, because this does not result from the wrongful act, and was not claimed as special damages. But there was no proof whatever of the value of the lost time, and in no event could there be any but nominal damages. 5 Am. & Eng. Enc. L., 4, sec. 3, note bottom of page, cites *Leeds* v. *Met. G. L. Co.*, 90 N. Y., 26; *Staal* v. *Grand St. R. R. Co.* (N. Y.), 9 Cen. Rep., 452. Neither can there be any recovery for fright, where there is no physical injury or wilful wrong, although such fright, and mental suffering therefrom, resulted from the negligence of defendant. It is too remote, though it produces permanent injury. *Gulf, etc., Ry. Co.* v. *Trott*, 40 Am. St. R., 866; *Ewing* v. *Pittsburg Ry. Co.*, 30 Am. St. R., 709. There being no evidence of the amount of medicine or medical treatment employed by appellant, there could be no recovery for the medicine and medical treatment reasonably and necessarily employed. 5 Am. & Eng. Enc. L., 68, note 1 (preceding pages, "Medical Expenses"), cites *Eckerd* v. *Chicago Ry. Co.*, 70 Iowa, 353, s.c. 27 Am. & Eng. R. R. Cases, 114. And where passenger has been carried beyond station by the negligence of a railroad company, but without any circumstance of aggravation, and without receiving any personal injury, he cannot recover compensation for the effects upon health. 5 Am. & Eng. Enc. L., 43, note 2, cites *Trigg* v. *St. Louis, etc., Ry. Co.*, 74 Mo., 147, s.c. 41 Am. St. R., 305; 5 Am. & Eng. Enc. L., 10, note 3, cites *Francis* v. *St. Louis Transfer Co.*, 5 Mo. App., 7.

Argued orally by *W. D. Anderson*, for appellant, and by *J. W. T. Falkner*, for appellee.

Woods, C. J., delivered the opinion of the court.

The evidence for the appellant shows that she endured intense physical suffering, as well as mental fear and anguish, as the direct result of her having been put off at the wrong place,

by reason of the mistake of the conductor. That it was a mistake of the conductor there can be no doubt, looking at the evidence of appellant, and that must be taken as true, since the case was taken from the jury by a charge peremptory in its nature. The suffering, physical and mental, of appellant, directly induced by the mistaken action, must be taken as true, also, as testified to by her. Recognizing this, the court below was of opinion that, as no evidence of appellant's damages, except the railroad fare of forty-five cents paid by her to the conductor, was specifically made in dollars and cents, she could only recover the pecuniary loss, in dollars and cents, proved on trial.

In the nature of things, in actions for the recovery of damages for personal injuries, it is often, if not generally, impossible to prove certainly and specifically, in dollars and cents, the proper sum to be awarded. The facts showing the injury or suffering, and the circumstances under which the injury was inflicted, or by which the physical sufferings were directly produced, with the actual loss in money, if any, are, in cases of this character, as we have said, generally all that can be proved. What witness in any given case could testify as to the value of a lost finger or hand or arm? Who could swear to proper compensatory damages, computed in dollars and cents, in cases where recoveries were sought for injuries or suffering not involving loss of any member of the body? Such evidence in most cases would be simply the opinion of the witness formed from the proved facts, and twelve men acting under oath can as well, or better, arrive at a proper conclusion as to the pecuniary value of the injury or suffering from the proved facts. See 2 Sedgwick on Damages, 61, 62; 3 Elliott on Railroads, 2153; 2 Rorer on Railroads, 1142; *O'Mara* v. *Hudson River Railroad*, 38 N. Y., 445.

In the *City of Vicksburg* v. *McLain*, 67 Miss., this court has held that, in suits for damages for personal injuries, the same certainty of pecuniary loss is not required as in other cases where the amount may be definitely shown. *Reversed.*